IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAMELL PINDER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-cv-2989 |
| | : | |
| BETSAIDA ORTIZ et al., | : | |
| Defendants. | : | |

MCHUGH, J.                                                                                          JANUARY 23, 2015

**MEMORANDUM**

This is an employment discrimination case brought under Title VII, the Pennsylvania Human Relations Act (PHRA), and the Equal Protection Clause. Pending before me is a partial motion to dismiss.

### I. Factual Background

Plaintiff Tramell Pinder was initially hired by the School District of Philadelphia as a teacher's aide, but was then reassigned as a school police officer. While working at Harding Middle School, Plaintiff is alleged to have used excessive force when dealing with regular and special education students on February 20-22, 2013, which resulted in his reassignment. An investigatory conference took place on March 15, 2013, at which Vice Principal Betsaida Ortiz and Lt. Leroy Patterson were present. After the meeting, Ms. Ortiz issued a report, commonly known as a 204-form, charging Plaintiff with an unsatisfactory incident. Ms. Ortiz initially stated that she would defer the issue of termination to the Office of School Safety, but then issued Plaintiff a letter terminating his employment on March 20, 2013.

As there was some question whether this action by Ms. Ortiz was authorized, Plaintiff received another termination letter from Deputy Superintendent Paul Kihn on April 24, 2013.

1

An appeal was heard before a hearing officer for the School Reform Commission, which issued findings of fact and conclusions of law on August 22, 2013, affirming Plaintiff's termination. Plaintiff appealed the Commission's findings to the Philadelphia Court of Common Pleas, which decided against him on January 13, 2014.

While these internal appeals were proceeding, Plaintiff filed a complaint with the City of Philadelphia Human Relations Commission on August 5, 2013, alleging race and sex discrimination underlying his termination. Plaintiff is a black male, who alleges that another school police officer, a white female with the same rank, title, seniority, and duties, was not terminated for similar infractions.[1]

Plaintiff has brought this action against the School District of Philadelphia, Ms. Betsaida Ortiz, and Mr. Paul Kihn alleging employment discrimination and retaliation under Title VII, the PHRA, and the Equal Protection Clause.

## II.     Discussion

Ms. Ortiz and Mr. Kihn (together the "Individual Defendants") move to dismiss Count II of the First Amended Complaint, which contains discrimination and retaliation claims under the PHRA. Plaintiff alleges that all Defendants discriminated against him on the basis of his protected class, black male, and retaliated against him for pursuing a claim.

With regard to the discrimination claim, the pertinent section of the PHRA is § 955(e), which makes it unlawful:

> For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or

---

[1] Plaintiff also filed for unemployment compensation benefits, which were contested by the School District, but ultimately granted. Additionally, Plaintiff filed a complaint with the Pennsylvania Labor Relations Board against the School Police Association of Philadelphia on November 25, 2013, and has filed a second complaint with the Philadelphia Commission on Human Relations against his union.

2

>to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Cons. Stat. Ann. § 955(e) (West).  This language clearly permits individuals to be held liable under the PHRA for discrimination or retaliation.  Destefano v. Henry Michell Co., 2000 WL 433993, at *2 (E.D. Pa. Apr. 13, 2000) (citing Dici v. Commonwealth of Penn., 91 F.3d 542, 552-53 (3d Cir. 1996)).  The statute permits suits against supervisory employees, provided that they share the discriminatory intent and purpose of the employer.  Id. (citing Dici, 91 F.3d at 553); Miles v. City of Philadelphia, No. 11-4040, 2013 WL 125186, at *8 (E.D. Pa. Jan. 10, 2013).  "Requiring proof of intent to aid the employer under section 955(e) is consistent with the principles of aiding and abetting liability found in other areas of Pennsylvania law."  Destefano, 2000 WL 433993, at *2.

The Individual Defendants rely on Miles and Destefano for the proposition that scienter, or common purpose, must be specifically pleaded in the complaint and dispute that this element can be inferred.  However, at its most basic level, "[w]hen considering a Rule 12(b)(6) motion, we are required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Plaintiff's complaint states that "Defendants Ortiz and Kihn created and carried out, as supervisors, the School District's policy of employment discrimination and retaliation."  Compl. ¶ 59.  It is reasonable to infer scienter and common purpose where it is pleaded that the Individual Defendants played a part in creating and carrying out the employer's policy of discrimination.  Logic dictates that the Individual Defendants could not engage in creating the very policy complained of without sharing a common purpose or scienter.  Therefore, the Motion to Dismiss with regard to the PHRA discrimination claims against the Individual Defendants will be denied.

I now look to the retaliation claims against the Individual Defendants pursuant to the PHRA, which makes it unlawful:

> For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 Pa. Cons. Stat. Ann. § 955(d) (West).  The PHRA, like Title VII, requires the following elements to establish a prima facie case of retaliation: (1) that the plaintiff engaged in a protected activity; (2) that the employer took adverse action against the plaintiff; and (3) that a causal link exists between the protected activity and the employer's adverse action.  Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997).

Plaintiff claims that he engaged in a protected activity under the statute by filing a complaint with the City of Philadelphia Human Relations Commission which alleges racial discrimination on August 5, 2013.  Plaintiff alleges that he suffered retaliation from the Individual Defendants for this action.  Plaintiff was terminated by Defendant Ortiz on March 20, 2013, and by Defendant Kihn on April 24, 2013.  Both of these actions occurred before the Plaintiff claims to have engaged in the protected activity and thus could not have been motivated by the protected activity.  Plaintiff also alleges that a June 3, 2013, appeal by the School District of Philadelphia with regard to Plaintiff's unemployment compensation determination was retaliatory, but again, this action took place before Plaintiff engaged in the protected activity that he proffers.

Plaintiff additionally raises the August 22, 2013, decision by the School Reform Commission to endorse Plaintiff's termination, as well as the resulting termination letter by Naomi Wyatt pursuant to the School Reform Commission's decision, as retaliatory actions.

4

However, these two actions cannot be attributed to the Individual Defendants. The hearing portion of the School Reform Commission's decision was held on May 30, 2013—prior to the alleged protected activity on August 5, 2013. Defendant Ortiz testified at this hearing, and both Defendant Ortiz and Defendant Kihn submitted documentation which was placed on the record during that hearing. Plaintiff alleges no further participation by Individual Defendants beyond May 30, 2013. On this basis, the Individual Defendants cannot be said to have taken any action in retaliation for Plaintiff's complaint filed August 5, 2013. The Motion to Dismiss will be granted with regard to the PHRA retaliation claims brought against the Individual Defendants.

### III.    Conclusion

The Individual Defendants' Motion to Dismiss Count II of the First Amended Complaint will be granted in part and denied in part. An appropriate order follows.

         /s/ Gerald Austin McHugh
         United States District Court Judge